UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD FAIRCLOTH, individually and
on behalf of a class of similarly situated
individuals,

        Plaintiff,

v.                                               Case No. 6:13-cv-572-J-37TBS

ADVENTIST HEALTH
SYSTEM/SUNBELT, INC. d/b/a
FLORIDA HOSPITAL et al.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Florida Hospital's Motion to Dismiss Class Action Complaint for Lack of Subject Matter Jurisdiction and Request for Oral Argument (Doc. 13), filed May 2, 2013; and

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Class Action Complaint for Lack of Subject Matter Jurisdiction (Doc. 18), filed May 16, 2013.

Upon consideration, the Court hereby grants in part and denies in part Defendant's motion.

## BACKGROUND

Plaintiff is a former patient of Defendant, a healthcare provider. (Doc. 1, ¶¶ 2, 9.) Plaintiff alleges that Defendant failed to safeguard his and other patients' sensitive personal information in violation of its own policies and the Health Insurance Portability

and Accountability Act ("HIPAA"). (*Id.* ¶¶ 1, 13–48.) Plaintiff brings a class action suit against Defendant for breach of contract, breach of implied contract, restitution/unjust enrichment, and breach of fiduciary duty. (*Id.* ¶¶ 56–95.) Defendant moved to dismiss for lack of subject-matter jurisdiction, arguing that the case does not arise under federal law. (Doc. 13.) Plaintiff opposed. (Doc. 18.)

**STANDARDS**

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss for lack of subject-matter jurisdiction. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When only a state law claim is asserted, a case arises under federal law if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Morton*, 133 S. Ct. 1059, 1065 (2013).

**DISCUSSION**

Plaintiff contends that this Court has subject-matter jurisdiction over this case because his state law claims "turn on substantial questions of Federal Law, specifically whether [Defendant] violated HIPAA and its associated regulations." (Doc. 1, ¶ 11.) Defendant argues that this Court lacks subject-matter jurisdiction because the mere implication of HIPAA in Plaintiff's state law claims does not mean that the claims arise

2

under federal law. (Doc. 13, pp. 7–9.) The Court agrees with Defendant.

First, "the mere presence of a federal issue in a state cause of action does not necessarily confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Plaintiff brings state law claims for breach of contract, breach of implied contract, restitution/unjust enrichment, and breach of fiduciary duty based on the allegation that Defendant represented to patients that it complies with HIPAA. (Doc. 1, ¶¶ 56–95.) Plaintiff's argument that these claims "arise under" federal law is premised on the idea that the requisite standard of care that Defendant was required to meet is the privacy standard set forth in HIPAA. Plaintiff thus invokes HIPAA merely as an element of his state law claims.

Additionally, HIPAA does not provide a private right of action, which Plaintiff concedes (Doc. 18, p. 4). *See Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) (citation omitted). The absence of a private right of action is "evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent" that federal question jurisdiction requires. *Grable*, 545 U.S. at 318. That is, the lack of a private right of action means that the "welcome mat" into federal court is "missing." *Id.* That presumption is not overcome in this case. These are simply state law claims for which the standard of care involves patient privacy, which happens to be regulated by HIPAA. "The privacy standards imposed by HIPAA are not uniquely federal and do not raise any issue of great federal interest." *K.V. Women's Healthcare Network*, No. 07-0228-CV-W-DW, 2007 WL 1655734, at *1 (W.D. Mo. June 6, 2007). Thus, the federal issue in this case is not substantial and finding federal question jurisdiction would disrupt the federal-state balance approved by Congress.

This Court therefore agrees with numerous other courts that have concluded that

a state law claim in which HIPAA is implicated as part of an element does not arise under federal law. *See, e.g.*, *McKnight v. Surgical Assocs. of Myrtle Beach, LLC*, No. 4:11-cv-02782-RBH, 2011 WL 5869800, at *6 (D.S.C. Nov. 18, 2011) (concluding that there was no federal question jurisdiction where the plaintiff alleged that "because Defendants failed to follow HIPAA, they committed an unfair trade practice" in violation of a state statute); *Graves v. Health Express, Inc.*, No. 09-0277, 2009 WL 2835778, at *3 (W.D. La. Aug. 31, 2009) (concluding on removal that the defendants "failed to establish the stringent and limited circumstances whereby a federal court may exercise federal question jurisdiction as a result of a federal issue embedded within a state law cause of action" where the plaintiff brought negligence and breach of contract claims after the defendants disclosed confidential medical information); *Harmon v. Maury Cnty.*, No. 1:05 CV 0026, 2005 WL 2133697, at 4 (M.D. Tenn. Aug. 31, 2005) (concluding that the plaintiffs' negligence per se claims for the disclosure of their prescription drug records did not present a substantial federal question); *Bigelow v. Sherlock*, No. Civ.A. 04-2785, 2005 WL 283359, at *2–3 (E.D. La. Feb. 4, 2005) (concluding that the court lacked subject-matter jurisdiction where "[t]he alleged violation of HIPAA was referenced only as an element of the state law negligence and privacy causes of action").

Finally, the state law claims do not necessarily raise a federal issue. Plaintiff alleges that Defendant violated its own privacy policies in addition to HIPAA's requirements. (Doc. 1, ¶¶ 13–15.) Thus, the standard of care could be Defendant's own promulgated privacy policies, not HIPAA's legal requirements.[1] *See K.V. Women's*

---

[1] In fact, while Plaintiff alleges that Defendant "specifically promise[d] to safeguard its patients' Sensitive Information in accordance with HIPAA regulations"

4

*Healthcare Network*, 2007 WL 1655734, at *1 ("[I]t is not clear that the resolution of Count IX *necessarily* depends on resolution of a substantial question of federal law as it states an alternate state-law based theory of recovery."). The state law claims thus would not necessarily raise a federal issue.

The claims in this case do not arise under federal law, and the Court therefore lacks subject-matter jurisdiction over this case. Accordingly, this case is due to be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Florida Hospital's Motion to Dismiss Class Action Complaint for Lack of Subject Matter Jurisdiction and Request for Oral Argument (Doc. 13) is **GRANTED IN PART** and **DENIED IN PART**. The portion of the motion seeking dismissal for lack of subject-matter jurisdiction is granted. The portion of the motion seeking oral argument is denied.

2. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-

---

(Doc. 1, ¶ 4), Plaintiff only points to one provision of Defendant's policy that referenced HIPAA, which states:

> Florida Hospital believes your health information is personal and confidential. We are committed to keeping your health information private, and we are legally required to respect your confidentiality.
>
> HIPAA is the Health Insurance Portability and Accountability Act, a Federal law that requires health providers to take certain steps to protect the privacy and security of patient heath information.

(*Id.* ¶ 16.) This provision may not constitute a promise to patients to comply with HIPAA, but may simply recognize Defendant's external legal obligation. Additionally, there appear to be other policy provisions that constitute Defendant's own privacy practices without reference to HIPAA. (*Id.* ¶¶ 13–15.)

      matter jurisdiction.

3. All pending motions and existing deadlines are hereby **TERMINATED**.

4. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 3, 2013.

 

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record